NEWPORT TRIAL GROUP
A Professional Corporation
John C. O'Malley, Bar No. 143671
jomalley@trialnewport.com
4100 Newport Place, Suite 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff JOSEPH R. MANNING, JR.
And others similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH R. MANNING, JR., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MONSTER WORLDWIDE, INC.; and DOES 1 to 10,<br><br>Defendants. | Case No. 8:14-cv-1035<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.**<br><br>**JURY TRIAL DEMANDED** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INTRODUCTION

1.    JOSEPH R. MANNING, JR. ("Plaintiff") brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant, MONSTER WORLDWIDE, INC. ("Monster"), and DOES 1 to 10 (collectively referred to as "Defendants" unless otherwise indicated), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), thereby invading Plaintiff's privacy.

2.    Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3.    In particular, Plaintiff alleges that Monster made at least one unsolicited marketing telephone call to his cellular phone utilizing a prerecorded, artificial voice or automatic telephone dialing system ("ATDS") without his prior express written consent.

4.    "Consumer complaints about abuses of telephone technology—for example, computerized calls to private homes – prompted Congress to pass the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.*  Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 742 (2012) (internal citations omitted). In an effort to enforce this fundamental right to privacy, Plaintiff files the instant class action complaint alleging violations of the TCPA.

5.    Monster has caused consumers actual injury in fact, not only because Plaintiff and the putative class were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction under 28 U.S.C. §1331.  This case involves a question of Federal law, 47 U.S.C. § 227, *et seq*. (TCPA).  Damages and injunctive relief are available under 47 U.S.C. § 227(b)(3).

7.     Venue is proper in this District because Monster engages in business in this District, Plaintiff is a resident in this District, and a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES

8.     Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California and the County of Orange.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

9.     Plaintiff is informed and believes, and thereon alleges, that Monster is, and at all times mentioned herein was, a Corporation whose primary business address is in Delaware.

10.    Monster is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (39).

11.    Plaintiff alleges that, at all times relevant herein, Monster conducted business in the State of California and in the County of Orange, and within this judicial district.

## THE TELEPHONE CONSUMER PROTECTION ACT

12.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

13.    The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."    Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

14.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing

1   the TCPA, such calls are prohibited because, as Congress found, automated or

2   prerecorded telephone calls are a greater nuisance and invasion of privacy than live

3   solicitation calls, and such calls can be costly and inconvenient.   The FCC also

4   recognized that wireless customers are charged for incoming calls whether they pay in

5   advance or after the minutes are used.

6                              **FACTUAL ALLEGATIONS**

7              **Plaintiff has had no Prior Existing Relationship with Monster**

8        15.   Plaintiff, Joseph R. Manning, Jr., is, and at all times mentioned herein

9   was, a "person" as defined by 47 U.S.C. § 153(39).

10       16.   Plaintiff has never had an account with Monster and has never conducted

11  any business with Monster. Plaintiff has never made telephonic contact with Monster

12  such that Monster would have permission or consent to contact him.   Plaintiff has

13  never executed any valid written agreement providing consent to Monster to contact

14  him via autodialing.  Plaintiff also has never provided consent to same in any form.

15                     **Monster's Phone Call to Plaintiff**

16       17.   Notwithstanding that Plaintiff did not provide Monster with his cellular

17  phone number, Monster called Plaintiff from 843-773-9278 on April 24, 2014 at

18  approximately 2:29 p.m.  The phone number originates from a call center in "Florence,

19  South Carolina" opened by Monster in 2008.  Because Plaintiff did not recognize the

20  phone number, Plaintiff returned the call later that evening around 6:02 p.m. and was

21  connected to Monster.

22       18.   While Plaintiff was placed on hold to speak with the next available

23  representative, he heard advertisements for various products offered by Monster.  The

24  products pitched by Monster during Plaintiff's time on hold included ones to help

25  Plaintiff develop a "social networking presence" and to create "more exposure" for job

26  seekers.

27       19.   After being on hold for approximately 11 minutes, Plaintiff had to

28  disconnect in order to attend to other business.

COMPLAINT FOR DAMAGES

20.    Curious to learn why Monster was contacting him, Plaintiff attempted to call Monster two more times that evening but was again placed on extensive hold.

21.    On April 25, 2014 at about 8:33 a.m. Plaintiff again attempted to contact Monster and was successfully connected to "Jocelyn."

22.    Plaintiff asked Jocelyn the reason for her call but she did not know, suggesting that the type of call made to Plaintiff was not limited to a specific person, phone number, or account, but was part of a widespread campaign.

23.    Jocelyn looked up Plaintiff's phone number and was still unable to articulate a reason for the call, leaving the explanation or reason to be unsolicited contact via a widespread marketing campaign undertaken by Monster.  Jocelyn advised Plaintiff that she would further research the purpose of the call and call him on his cell phone to explain her findings.

24.    At around 8:38 a.m., Plaintiff received a telephone call on his cell phone from Jocelyn.  Jocelyn admitted that the phone call Plaintiff received was from a Monster sales agent for purposes of marketing Monster's services.  Jocelyn then asked Plaintiff if he would like to be contacted regarding Monster sales materials, to which Plaintiff declined.

25.    A subsequent call to this number led to a voice mail message identifying this number as the number for the "Monster Sales Department".   On information and belief, Monster engages in widespread telemarketing campaigns using an automatic telephone dialing system calling Plaintiff and other members of the public without consent.  On information and belief, Monster has been engaged in such unlawful practices for years and continues to engage in same to and including the date of filing of this Complaint and beyond, despite the clear legal prohibitions as to same.

### Monster's Use of an Automatic Telephone Dialing System

26.    The telephone call to Plaintiff on his cellular phone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of

this complaint.

27.     The telephone calls placed by Monster to Plaintiff's cellular phone via the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A)(iii).

28.     Monster did not make the telephone call to Plaintiff's cellular phone "for emergency purposes" as described in 47 U.S.C. § 227(B)(1)(A).

29.     The telephone number that Monster used to contact Plaintiff on an automatic dialing system was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

30.     Plaintiff never provided express written consent to receive telemarketing phone calls by Monster on his cell phone via an automatic dialing system.  Plaintiff also never consented in any other way as to valid receipt of same.

31.     Monster is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153(39).

32.     Under the TCPA, the burden is on Monster to demonstrate that Plaintiff and the class members provided express written consent to receive telemarketing calls via an automatic dialing system within the meaning of the statute, because there is a question as to whether express written consent was ever provided and Monster is the best entity to determine how such consent was obtained.

## CLASS ACTION ALLEGATIONS

33.     Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated and on behalf of himself and a California sub-class defined as follows:

## CLASS

34.     Plaintiff proposes the following class definition, subject to amendment as appropriate:

a. (1) All persons within the United States (2) to whose cellular phone number Monster or an entity on its behalf, (3) placed a non-emergency

telephone call (4) through the use of an automatic telephone dialing system (5) within the past four years (6) where Monster did not have prior express consent to place the call.

## CALIFORNIA SUB-CLASS

35.     Plaintiff, on behalf of himself and a California Sub-Class of similarly situated individuals, brings suit for the claims noted above and Defendants' Violation of the California Unfair Competition Law, Bus. & Prof. Code §§ 17200, et seq. in pertinent part for Defendants' violation of the TCPA as set forth in this Complaint.

36.     Plaintiff proposes the following California sub-class definition, subject to amendment as appropriate:

a. (1) All persons within the state of California (2) to whose cellular phone number Monster or an entity on its behalf, (3) placed a non-emergency telephone call (4) through the use of an automatic telephone dialing system (5) within the past four years (6) where Monster did not have prior express consent to place the call.

37.     The Class as defined in paragraph 34 and the California Sub-Class shall be collectively referred to as the "Class".

38.     Plaintiff represents and is a member of the Class.

39.     Excluded from the Class are Monster and any entities in which Monster has a controlling interest, Monster's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

40.     Plaintiff does not know the exact number of members in the Class, but based upon the size and national scope of Monster as well as the widespread nature of the marketing campaign by Monster as reflected by the call to Plaintiff, Plaintiff reasonably believes that class members number at a minimum in the hundreds if not the thousands.

41.     Plaintiff and all members of the class have been similarly harmed by the

acts of Monster not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because consumer frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

42. This Class Action Complaint seeks money damages and injunctive relief under federal law.

43. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding multiplicity of identical suits. The class can be identified easily through records maintained by Monster.

44. There are well-defined, nearly identical, questions of law and fact common to the members of the class. The questions of law and fact involving the class claims predominate over questions which may affect individual class members. Those common questions of law and fact include, but are not limited to, the following:

a. Whether Monster made non-emergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system;

b. Whether Monster can meets its burden of showing it obtained prior express consent to make such calls;

c. Whether Monster's conduct was knowing and/or willful;

d. Whether Monster is liable for damages, and the amount of such damages;

e. Whether Monster should be enjoined from engaging in such conduct in the future;

f. Whether Monster violated California Bus. & Prof. Code §§ 17200 et seq.

45. As a person who received at least one telephone call to his cellular telephone using an automatic telephone dialing system without his prior express

written consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of the members of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class and has no interests which are antagonistic to any member of the Class.

46.    Plaintiff has retained counsel experienced in handling class action claims.

47.    A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Monster to comply with the TCPA.  The interest of class members in individually controlling the prosecution of separate claims against Monster is small because the statutory damages in an individual action for violation of the TCPA are small.

48.    Management of these claims is likely to present significantly fewer difficulties that are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

49.    Monster has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.  Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

50.    Plaintiff anticipates providing notice to the Class by: direct mail notice in the form of a post card, internet website, e-mail, and /or other reasonable and appropriate forms of notice.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227 Et Seq.

51.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52.    The foregoing acts and omissions of Monster constitutes numerous and

1  multiple negligent violations of the TCPA, including but not limited to each and every
2  one of the above-cited provisions of 47 U.S.C. § 227 et seq.

3      53.    As a result of Monster's negligent violations of 47 U.S.C. § 227 et seq,
4  Plaintiff and the Class are entitled to an award of $500 in statutory damages, for each
5  and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

6      54.    Plaintiff and the Class are also entitled to and seek injunctive relief
7  prohibiting such conduct in the future.

8                      **SECOND CAUSE OF ACTION**
9          **KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**
10                        **47 U.S.C. § 227 Et Seq.**

11     55.    Plaintiff incorporates by reference all of the above paragraphs of this
12  Complaint as though fully stated herein.

13     56.    The foregoing acts and omissions of Monster constitute numerous and
14  multiple knowing and/or willful violations of the TCPA, including but not limited to
15  each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

16     57.    As a result of Monster's knowing and / or willful violations of 47 U.S.C.
17  § 227 et seq, Plaintiff and the Class are entitled to an award of $1500 in statutory
18  damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47
19  U.S.C. § 227(b)(3)(C).

20     58.    Plaintiff and the Class are also entitled to and seek injunctive relief
21  prohibiting such conduct in the future.

22                       **THIRD CAUSE OF ACTION**
23  **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200,**
24                              **ET SEQ.**

25     59.    Plaintiff incorporates by reference all of the above paragraphs of this
26  Complaint as though fully stated herein.

27     60.    The Unfair Competition Law, Business & Professions Code § 17200, et
28  seq. ("UCL"), prohibits any "unlawful" business act or practice.

61.    Defendants' conduct as alleged in this Complaint constitutes unlawful, unfair and/or fraudulent business act and practices.  By engaging in the acts practices alleged in this Complaint, Defendants have committed one or more acts of unfair competition within the meaning of California Business & Professions Code §§ 17200, et seq.

62.    Plaintiff is a person within the meaning of Business & Professions Code § 17204 as defined by Business & Professions Code § 17201, and therefore, he has standing to sue for any violation of Business & Professions Code § 17200, et seq. on behalf of himself and on behalf of the general public pursuant to Business & Professions code § 17204.

63.    Plaintiff is informed and believes, and thereon alleges, that Defendants, as indicated by their conduct in this Complaint, engage in unlawful, unfair, and fraudulent business practices by violating 47 U.S.C. § 227.  Defendants made unsolicited calls, including the calls transcribed above, to the wireless telephone numbers of the Class.  Each call was made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, and to dial such numbers.  By using this equipment, Defendants were able to call thousands of telephone numbers without human intervention.

64.    In the course of conducting business, Defendants committed unlawful business practices by violating 47 U.S.C. § 227.

65.    Defendants' behavior as alleged in this Complaint violates the following laws:

a.   47 U.S.C. § 227, et seq.;

b.  California Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.)

66.    Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues.

67.    There were reasonable alternatives to further Defendants' legitimate

business interests, other than the conduct alleged in this Complaint.

68. Plaintiff and the Class have in fact been injured as a result of Defendants' conduct as alleged in this Complaint.

69. Unless restrained and enjoined, Defendants will continue to engage in the conduct alleged in this Complaint. Accordingly, injunctive relief is appropriate.

70. Plaintiff seeks an order requiring Defendants to cease the conduct alleged in this Complaint.

71. Plaintiff also seeks attorneys' fees and costs pursuant to, inter alia, Civil Code § 1021.5.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff and the members of the Class the following relief against Monster:

1. An order certifying the Class(es) as defined above;

2. An award of actual and/or statutory damages and treble damages pursuant to section 47 U.S.C.(b)(3)(B) and (C);

3. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

4. An award of reasonable attorneys' fees and costs; and

5. Such further and other relief the Court deems just and proper.


Dated: July 7, 2014                              NEWPORT TRIAL GROUP
                                                 A Professional Corporation


                                                 By: */s/ John C. O'Malley, Esq.*
                                                     John C. O'Malley, Esq.
                                                     Attorneys for Plaintiff JOSEPH R.
                                                     MANNING, JR. and others similarly situated

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2       Plaintiff hereby demands a trial by jury of all claims and causes of action so

3   triable in this lawsuit.

4

5   Dated:  July 7, 2014                     NEWPORT TRIAL GROUP
                                             A Professional Corporation
6

7

8                                            By: *<u>/s/ John C. O'Malley, Esq.</u>*
                                                 John C. O'Malley, Esq.
9                                                Attorneys   for   Plaintiff   JOSEPH   R.
                                                 MANNING, JR. and others similarly situated
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES